UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WELLS FARGO FINANCIAL NEVADA 2, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE HADDAD, an individual; DESERT INN MOBILE FAMILY ESTATES OWNERS ASSOCIATION; a Nevada non-profit corporation; VIAL FOTHERINGHAM LLP, an Oregon limited-liability partnership;<br><br>Defendants. | Case No. 2:17-cv-01511-RFB-CWH<br><br>ORDER |

## I. INTRODUCTION

Before the Court is Defendant Eddie Haddad's Renewed Motion to Dismiss. ECF No. 41. Plaintiff Wells Fargo Financial Nevada 2, Inc. opposed the motion, ECF No. 42, and Defendant replied, ECF No. 43.

## II. PROCEDURAL BACKGROUND

This matter arises from a nonjudicial foreclosure sale conducted by a homeowners' association under Nevada Revised Statutes ("NRS") Chapter 116 in March 2015. ECF No. 1.

Plaintiff sued Defendant on May 26, 2017.[1] Id. Plaintiff asserts six claims: (1) quiet title or declaratory relief under the Takings Clause of the Fifth and the Fourteenth Amendment to the federal constitution; (2) quiet title or declaratory relief under the Due Process Clause of the Fifth

---

[1] Plaintiff also sued Defendant Desert Inn Mobile Family Estates Owner Association and Vial Fotheringham LLP. ECF No. 1. Both have been dismissed from this matter by stipulation. ECF Nos. 23, 27.

and the Fourteenth Amendment to the federal constitution; (3) wrongful foreclosure; (4) violation of NRS 116.1113 *et seq.*; (5) quiet title; and (6) unjust enrichment. Id. Plaintiff also filed a notice of lis pendens. ECF No. 4.

Defendant moved to dismiss the complaint on October 19, 2017. ECF No. 28. The Court dismissed the motion without prejudice and stayed the matter on July 13, 2018, pending resolution of a certified question before the Nevada Supreme Court. ECF No. 40. The Nevada Supreme Court issued its decision on the certified question in August 2018.

Defendant now moves to dismiss the complaint again. ECF No. 41.

### III.  FACTUAL BACKGROUND

The complaint alleges the following:

This matter concerns the parties' interests in the property located at 3658 Death Valley Drive, Las Vegas, NV 89122. The property is governed by the community's recorded Conditions, Covenants & Restrictions ("CC&Rs"). The CC&Rs contain a mortgage savings clause, which states that any lien on the property is not superior to a deed of trust recorded against the property. The community is governed by a homeowner's association: Desert Inn Mobile Family Estates Owners Association ("the HOA").

On May 12, 2006, nonparties Mary Mullinax and Ellen Mullinax executed a promissory note for $112,319.37. The note was secured by a deed of trust in favor of Plaintiff as the lender. The deed of trust therefore encumbered the property. The deed of trust was recorded by on May 17, 2006. Plaintiff owns the note and the deed of trust.

On June 3, 2014, Goodman Law Offices submitted a notice of delinquent assessment for recording on behalf of the HOA. The notice of delinquent assessment did not state that it regarded a super-priority lien and did not indicate in any way that it regarded a lien superior to Plaintiff's deed of trust.

On September 12, 2014, a notice of default and election to sell real property ("notice of default") was recorded by Vial Fotheringham LLP on behalf of the HOA for outstanding amounts

/ / /

owed. Like the notice of delinquent assessment, the notice of default did not state that it regarded a super-priority lien or a lien superior to Plaintiff's deed of trust.

On February 17, 2015, a notice of foreclosure sale was recorded by Vial on behalf of the HOA for outstanding amounts owed. The notice of foreclosure sale also failed to indicate that the sale would foreclose on a super-priority lien or jeopardize Plaintiff's deed of trust.

On April 20, 2015, a foreclosure deed ("trustee's deed") was recorded by Vial on behalf of the HOA, showing Defendant purchased the property for $6,100 at public auction on March 25, 2015.

In light of the statements in the recorded notices, Defendant believes that the HOA did not intend to extinguish Plaintiff's deed of trust and did not convey authorization to Vial to foreclose on the super-priority portion of the HOA lien.

### IV. LEGAL STANDARD

In order to state a claim upon which relief can be granted, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In ruling on a motion to dismiss for failure to state a claim, "[a]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." Faulkner v. ADT Security Servs., Inc., 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted).

### V. DISCUSSION

Defendant moves to dismiss the complaint on seven bases, which the Court considers in turn.

#### a. Unclean Hands & Laches

Defendant argues that Plaintiff is estopped from bringing its claims by unclean hands and

1 the failure to mitigate doctrine because, according to the facts as pled in the complaint, it argues
2 that Plaintiff did not pay the super-priority lien or take any action whatsoever.

3 The Court does not find any facts pleaded on the face of the complaint that support estopping Plaintiff on the basis of either unclean hands or failure to mitigate. Construing the pleaded facts in the light most favorable to Plaintiff, these doctrines do not apply. Unclean hands can prevent a plaintiff from pursing equitable relief where a "willful act" by the plaintiff "rightfully can be said to transgress equitable standards of conduct." Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806, 815 (1945). Plaintiff certainly does not allege that it committed any willful act in transgression of equitable standards of conduct. Failure to mitigate is not a defense that bars suit and cannot be a basis on which to dismiss Plaintiff's complaint; "[a]ny failure to mitigate goes to the amount of deficiency owed, not whether a deficiency exists." Resolution Tr. Corp. v. BVS Dev., Inc., 42 F.3d 1206, 1216 (9th Cir. 1994).

**b. Equity Jurisdiction**

Defendant argues that Plaintiff has no remedies available against Defendant regarding the allegedly wrongful foreclosure sale because any wrongful foreclosure can be compensated with money damages. The Court disagrees and finds that it has "inherent equitable jurisdiction to settle title disputes." See Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp, 366 P.3d 1105, 1110–1111 (Nev. 2016). The Court possesses the power to invalidate the foreclosure sale and/or to make declarations as to the present interests in the Property, or lack thereof, held by the Parties. Plaintiff may seek equitable relief.

**c. Facial Constitutionality**

Defendant argues that the Nevada Supreme Court has expressly rejected Plaintiff's argument that NRS Chapter 116 is facially unconstitutional. The Court agrees that Plaintiff's facial constitutionality argument is foreclosed by Nevada Supreme Court case law. In Bourne Valley Court Trust v. Wells Fargo Bank, NA, the Ninth Circuit held that the opt-in notice scheme outlined in NRS Chapter 116 did not meet the minimum requirements of constitutional due process and that NRS 116.31168 did not incorporate the notice requirements of NRS 107.090. 832 F.3d 1154, 1158–59 (9th Cir. 2016), cert. denied, 137 S. Ct. 2296 (2017). This holding was based upon the

Ninth Circuit's interpretation of Nevada's statutory scheme under NRS Chapter 116 as an "opt-in" notice statutory scheme. Importantly, the Nevada Supreme Court had not yet had a direct opportunity to construe the applicable statutes. The Nevada Supreme Court thereafter held that NRS 116.31168 incorporated the notice requirements of NRS 107.090. SFR Investments Pool 1, LLC v. Bank of New York Mellon, 422 P.3d 1248, 1252 (Nev. 2018). Thus, the Nevada Supreme Court found notice to be mandatory to interest holders like Plaintiff. Id. As the Nevada Supreme Court had not previously had an opportunity to explicitly construe the respective state statutes in terms of their notice requirements and as the Nevada Supreme Court is the final arbiter of the construction of Nevada statutes, this Court must follow the Nevada Supreme Court's interpretation of Nevada statutes in this case. California Teachers Ass'n v. State Bd. of Educ., 271 F.3d 1141, 1146 (9th Cir. 2001) (explaining that "it is solely within the province of the state courts to authoritatively construe state legislation"); Owen By & Through Owen v. United States, 713 F.2d 1461, 1464 (9th Cir. 1983) (noting that Ninth Circuit's interpretation of state law is only binding to the extent there is no subsequent indication from the state court that the interpretation was incorrect). This Court has previously found consistent with the Nevada Supreme Court's interpretation of Nevada law that NRS 107.090 as incorporated by the Nevada HOA lien statute satisfies due process requirements. JPMorgan Chase Bank, N.A. v. SFR Investments Pool 1, LLC, 200 F. Supp. 3d 1141, 1160–61 (D. Nev. 2016). The Court incorporates that prior reasoning by reference. Based upon the holding of the Nevada Supreme Court in SFR Investments Pool 1 and this Court's prior analysis, the Court finds that Nevada's statutory scheme in NRS Chapter 116 does not violate due process.

Therefore, to the extent Plaintiff's claim is based on the facial unconstitutionality of NRS Chapter 116, Plaintiff's claim is not plausible on its face and is dismissed.

The Court finds, however, that Plaintiff has stated a plausible claim for an as-applied due process challenge. Plaintiff alleges that it did not receive complete information about the nature of the assessments and outstanding fees. The complaint suggests that the notices were in fact misleading as to the nature of lien and the assessments and fees. While it is a close call, the Court

///

finds that Plaintiff's allegations are sufficient to create a plausible claim for an as-applied challenged in relation to the notices in this case.

### d. Lack of Super-Priority Notice Requirement

Defendant argues that Plaintiff cannot successfully argue that the HOA did not provide proper notice of the correct super-priority amount, as there is no such requirement under law.

Defendant argues that Plaintiff's claims necessarily fails to the extent Plaintiff alleges that the notices failed to provide the correct super-priority amount.

The Court agrees that the relevant notice statutes at the time the notices were issued did not require any separate identification of a "super-priority" section with an amount. NRS 116.31162 only required identification of the "deficiency in payment." Plaintiff alleges that the notices included the amounts due to the HOA. The notices as described in the complaint are consistent with the applicable statutory requirement.

The Court further agrees that, on the face of Plaintiff's complaint, the notices provided did not deprive Plaintiff of due process under the federal constitution. Before a state takes any action that will adversely "affect an interest in life, liberty, or property . . . , a State must provide 'notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 795 (1983) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). "The notice must be of such nature as reasonably to convey the required information, . . . and it must afford a reasonable time for those interested to make their appearance." Mullane, 339 U.S. at 315 (citations and quotations omitted). And "if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met, the constitutional requirements are satisfied." Id.

### e. Takings

Defendant next moves to dismiss Plaintiff's first claim, which alleges that the foreclosure sale constitutes a taking in violation of the Fifth and Fourteenth Amendment to the federal constitution. The Court finds the Nevada Supreme Court's reasoning in Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A.

persuasive on this issue. 388 P.3d 970, 975 (Nev. 2017) (holding that "the extinguishment of a subordinate deed of trust through an HOA's nonjudicial foreclosure does not constitute a governmental taking").

In some instances, a state's regulation of private property may "be so onerous that its effect is tantamount to a direct appropriation or ouster," compensable under the takings clause. Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 537 (2005). The Supreme Court has recognized two categories of *per se* takings that can arise from government regulation of private property. Id. at 538. First, "where government requires an owner to suffer a permanent physical invasion of her property—however minor—it must provide just compensation." Id. "A second categorical rule applies to regulations that completely deprive an owner of all economically beneficial use of her property." Id. (internal citation omitted). The allegations in this case do not fall into either one of these *per se* categories of regulatory taking.

If no *per se* category applies to regulatory action, the Court looks to economic impact, particularly interference with "distinct investment-backed expectations," as well as whether the interference "can be characterized as a physical invasion by government" or whether it merely "adjust[s] the benefits and burdens of economic life to promote the common good." Penn Cent. Transp. Co. v. City of New York, 438 U.S. 104, 124 (1978). Here, the statutory scheme at issue merely establishes the priority of liens. It does not directly interfere with any distinct investment-backed expectations, particularly where the acquisition of the property interest occurred well after the enactment of NRS 116.3116 in 1991. Most importantly, the statutory scheme clearly lays out the order of priorities so there cannot be a misunderstanding in terms of expectations regarding the operation of NRS Chapter 116 at the time one acquires an interest in real property in Nevada. Thus, the Court finds that the sale as alleged in Plaintiff's complaint cannot constitute a governmental taking as a matter of law.

### f. Commercial Reasonableness

Defendant argues that Plaintiff's allegation that the sale was not commercially reasonable fails as a basis to set aside the sale as a matter of law. The Court agrees. NRS Chapter 116 does not contain any provisions requiring that an HOA foreclosure sale be commercially reasonable,

nor does it provide for parties to be able to set aside foreclosure sales as being commercially unreasonable. Chapter 116 *does* require that "[e]very contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." NRS 116.1113. "Good faith" is defined in the Nevada Revised Statutes as meaning "honesty in fact and the observance of reasonable commercial standards of fair dealing." NRS 104.1201(t). This definition only applies, however, to the extent that an action is governed by another article of the Uniform Commercial Code ("UCC") as adopted in Nevada. NRS 104.1102. The Nevada Supreme Court has clearly held that HOA foreclosure sales are not governed by the commercial reasonableness standard of the UCC as adopted in Nevada: "we hold that [commercial reasonableness] has no applicability in the context of an HOA foreclosure involving the sale of real property. As to the Restatement's 20-percent standard, we clarify that Shadow Wood did not overturn this court's longstanding rule that inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale absent additional proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon, 405 P.3d 641, 642–43 (Nev. 2017) (internal citations omitted).

Therefore, to the extent Plaintiff's claim is based on the alleged commercial unreasonableness of the sale, Plaintiff's claim is not plausible on its face and is dismissed.

### g. Bona Fide Purchaser

Defendant next argues that it is a bona fide purchaser, and that Plaintiff carries the burden to show otherwise. A bona fide purchaser is one who "takes the property 'for a valuable consideration and without notice of the prior equity, and without notice of facts which upon diligent inquiry would be indicated and from which notice would be imputed to him, if he failed to make such inquiry.'" Shadow Wood, 366 P.3d at 1115 (citation omitted). Construing the complaint in the light most favorable to Plaintiff, Plaintiff alleges that Defendant was not a bona fide purchaser based on the alleged defects in the foreclosure sale. Defendant's argument does not regard the sufficiency of the complaint and is not a basis for granting a motion to dismiss. Whether or not Defendant was a bona fide purchaser is a question of fact.

## VI. CONCLUSION

**IT IS ORDERED** that the stay in this case is LIFTED.

**IT IS FURTHER ORDERED** that Defendant Eddie Haddad's Renewed Motion to Dismiss (ECF No. 41) is GRANTED in part and DENIED in part.

DATED: March 31, 2019.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**